

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Catanzaro v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Catanzaro v. Jones" (2007). *2007 Decisions*. Paper 1340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-146                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4011
_____

ANTHONY P. CATANZARO,

Appellant

v.

JUDGE JOHN E. JONES; JUDGE CHESTER T. HARHUT;
JUDGE JOHN S. COTTONE; COURT ADMINISTRATOR
WILLIAM J. MURRAY; BRIAN J. CALI;
PAUL SOTAK; JOSEPHINE CATANZARO
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 05-cv-01909)
District Judge: Honorable Robert F. Kelly
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2007

Before:   BARRY, AMBRO and FISHER, Circuit Judges

(Filed: April 5, 2007)
_____

OPINION
_____

PER CURIAM

        Anthony P. Catanzaro appeals pro se from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his § 1983 complaint alleging

violations of his constitutional rights in divorce proceedings and a prior civil rights action.

In September 2005, Catanzaro filed a § 1983 complaint, asserting that the defendants conspired to violate his rights to due process, meaningful access to the courts, and equal protection by effecting the dismissal of his federal civil rights action in Catanzaro v. County of Lackawanna, et al., Civ. A. No. 01-01865 (M.D. Pa., Nov. 1, 2002). He alleges that Judges Cottone and Murray, Special Divorce Master Sotak, Catanzaros' ex-wife, Josephine, and her attorney, Brian Cali, "were believed to be" members of a plan or agreement between Judges Harhut and Jones to deny Catanzaro's Constitutional rights. He claims that Judge Jones evidenced his prejudice against Catanzaro in Civ. A. No. 01-01865 by referring to him in various interlocutory orders as a "disgruntled divorce litigant." According to Catanzaro's allegations, Judge Jones declined to disqualify himself and proceeded to deny all of Catanzaro's motions and grant the defendants' motions, including their Rule 12(b)(6) dismissal motions. He claims that Judge Harhut conspired with Judge Jones by encouraging Judge Jones to deny Catanzaro due process, access to the courts, and equal protection, in the federal civil rights action, just as Judge Harhut did in Catanzaro's divorce proceedings in 1997. He also alleged that the state defendants conspired in ordering the execution of a temporary Protection from Abuse Act order against him. He seeks damages and counsel fees.

After the defendants filed Rule 12(b)(6) motions to dismiss, Catanzaro filed a motion to amend his complaint, which the District Court granted in May 2006, ordering that Catanzaro file the amended complaint within fifteen days. The District Court denied

2

Catanzaro's requests to extend the time for filing an amended complaint.[1]  On August 7, 2006, the District Court granted the defendants' Rule 12 dismissal motions.

The District Court held that the Complaint was barred by the applicable two-year statute of limitations.  Noting that Catanzaro alleged a conspiracy beginning in 1997 and ending in 2002, the District Court determined that Catanzaro knew or should have known of the injury upon which his civil rights action was based when Judge Jones dismissed the complaint and denied consideration in Civ. A. No. 01-01965 in late 2002, and at the very latest in January 2003, when Catanzaro filed a notice of appeal.  Using that latest date, the District Court calculated that Catanzaro § 1983 complaint, filed in September 2005, was at least eight months too late.  The District Court ruled that Catanzaro's action against the judicial defendants was barred by the doctrine of judicial immunity, in any event, because the Complaint alleged acts performed by the judges within the scope of their judicial duties, specifically, making rulings unfavorable to Catanzaro.  Thus, the judicial defendants enjoy absolute immunity from Catanzaro's suit for damages against them. See Pierson v. Ray, 386 U.S. 547 (1967).  The District Court also summarily granted the non-judicial defendants' Rule 12 dismissal motions, which claimed that the Complaint failed to allege an "agreement" among or between any of the defendants to deprive Catanzaro of his constitutional rights, and failed to allege state action under § 1983 , to the extent that Catanzaro raised non-conspiracy related claims against private-party

---

[1]  For the reasons set forth in its opinion, the District Court did not abuse its discretion in denying the motion to extend the time for filing an amended complaint.

3

defendants Brian Cali and Josephine Catanzaro. Catanzaro timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm for essentially the same reasons set forth by the District Court in its Order entered August 7, 2006. The District Court properly held that the Complaint was time-barred.

Because the § 1983 Complaint was properly dismissed and no substantial question is presented by this appeal, Appellee Cali's motion for summary affirmance is granted and the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.